```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION


OTIS G. CARR,                    :

     Petitioner,                 :
                                     CIVIL ACTION 12-0570-CG-M
v.                               :
                                     CRIMINAL ACTION 07-00334-CG-M
UNITED STATES OF AMERICA,        :

     Respondent.                 :
```

## REPORT AND RECOMMENDATION

Pending before the Court is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 44) and Respondent's Motion to Dismiss (Doc. 46).  This action was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 8(b) of the Rules Governing Section 2255 Cases.  It is now ready for consideration.  The record is adequate to dispose of this matter; no evidentiary hearing is required.  It is recommended that Respondent's Motion to Dismiss (Doc. 46) be granted, that Petitioner's Motion to Vacate (Doc. 44) be denied, that this action be dismissed, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner Otis G. Carr.  It is further recommended that any certificate of

1

appealability filed by Petitioner be denied as he is not entitled to appeal *in forma pauperis.*

Carr was indicted on October 25, 2007 for possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1) (count one) and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (count two) (Doc. 11).  Petitioner subsequently entered into a plea agreement in which he pled guilty to count two (the firearms charge) (Doc. 24); count one was dismissed on a motion by the Government (*see* Doc. 31).  On November 21, 2008, United States District Court Judge Granade sentenced Carr to five years on the conviction as well as five years of supervised release following his release from prison, and an assessment of one hundred dollars (Doc. 31).  Petitioner did not appeal his conviction or sentence (*see* Doc. 44, p. 3).

Petitioner filed his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 on August 30, 2012[1] in which he raises the following claims:  (1) His trial attorney rendered ineffective assistance; (2) his deportation proceedings should be stayed;[2] (3) a new rule of law was announced regarding

---

[1] On this date, Carr filed a Motion to Stay Removal Proceedings (Doc. 34).  At the Court's direction (Doc. 35), Petitioner filed this petition on this Court's form on October 25, 2012 (Doc. 44, p. 13).
[2] This is not a proper claim under 28 U.S.C. § 2255 as this Court cannot grant Carr's relief, as requested, in this action (*see* Docs.

ineffective assistance of counsel; and (4) there is a new Fourth Circuit case that may be of relevance to his case (Doc. 44). Respondent filed a Motion to Dismiss on November 8, 2012 (Doc. 46).  Though given the opportunity to reply to the Government's Motion to Dismiss (Doc. 47), Carr has not done so.

Before taking up Petitioner's claims, the Court notes that Respondent has answered the Petitioner, arguing that this petition should be dismissed as it was not filed within the one-year statute of limitations period (Doc. 46).  Respondent refers to provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 (hereinafter *AEDPA*) which amended, in pertinent part, 28 U.S.C. § 2255.  The specific provisions state as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
>
> \*\*\*
>
> A 1-year period of limitation shall apply to

---

40-41).

> a motion under this section.  The limitation
> period shall run from the latest of--
>
> > (1) the date on which the judgment of
> > conviction becomes final;
> >
> > (2) the date on which the impediment to
> > making a motion created by governmental
> > action in violation of the Constitution
> > or laws of the United States is
> > removed, if the movant was prevented
> > from making a motion by such
> > governmental action;
> >
> > (3) the date on which the right
> > asserted was initially recognized by
> > the Supreme Court, if that right has
> > been newly recognized by the Supreme
> > Court and made retroactively applicable
> > to cases on collateral review; or
> >
> > (4) the date on which the facts
> > supporting the claim or claims
> > presented could have been discovered
> > through the exercise of due diligence.

28 U.S.C. § 2255(f).  The AEDPA became effective on April 24, 1996.  *Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998).

Since he did not file an appeal, Carr's conviction became final on December 4, 2008, fourteen days after the entry of judgment.  Fed.R.App.P. 4(b)(1)(A)(i) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after [] the entry of either the judgment or the order being appealed").  Petitioner did not file this action

until August 2012, clearly beyond the one-year limitations period of AEDPA.

Carr has argued, though, that his third claim is based on a rule of law first announced in *Padilla v. Kentucky*, 559 U.S. 356 (2010), and that he, therefore, is not subject to the limitations of AEDPA under § 2255(f)(3). The Court notes, though, that *Padilla* was entered on March 31, 2010. As such, Carr did not file this action within the one-year limitations period that began to run from that date.[3]

Petitioner has also asserted that there is a new Fourth Circuit case that may be relevant to his claims here. While that may be the case,[4] § 2255(f)(3) requires that the new rule of law be announced by the United States Supreme Court. Again, Carr has not demonstrated that this action is not time-barred under AEDPA.

Carr has raised four claims in this petition. However, this action is time-barred under AEDPA. Therefore, it is recommended that Respondent's Motion to Dismiss (Doc. 46) be granted, that Carr's petition under § 2255 be denied (Doc. 44), that this action be dismissed, and that judgment be entered in

---

[3] As this action is time-barred, the Court will not engage in a discussion of whether *Padilla* announced a new rule of law.

[4] The Government has identified this case as *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2012) (*see* Doc. 46, p. 4).

5

favor of Respondent, the United States of America, and against Petitioner Otis G. Carr.

Furthermore, pursuant to Rule 11(a) of the Rules Governing § 2255 Cases, the undersigned recommends that a certificate of appealability (hereinafter *COA*) in this case be denied.  28 U.S.C. foll. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant").  The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a COA.  28 U.S.C. § 2253(c)(1). A COA may issue only where "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Where a habeas petition is being denied on procedural grounds, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  As Carr has not brought this action in a timely fashion, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that

6

Petitioner should be allowed to proceed further. *Slack* 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further").

## CONCLUSION

It is recommended that Petitioner's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2255, be denied. It is further recommended that any certificate of appealability filed by Petitioner be denied as he is not entitled to appeal *in forma pauperis*.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(B); S.D. ALA. L.R.72.4. In order to be specific, an objection must identify the specific

finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

    DONE this 9th day of June, 2013.

                                    <u>s/BERT W. MILLING, JR.</u>
                                    UNITED STATES MAGISTRATE JUDGE